IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ROBERT S. WISHON, Register No. 47269, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4143-CV-C-NKL |
| | ) | |
| MISSOURI DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Robert S. Wishon, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are the Missouri Department of Corrections, Dennis Dykes and John Doe Shift Commander Captain.

Plaintiff complains that while being transported in shackles to a medical appointment, and as a result of being rushed and yelled at by defendant Dykes, he slipped on a milk crate used as a step to exit the van, fell and injured himself and was refused treatment for what he believed at the time were painful and serious injuries. Plaintiff now concedes the injury was not serious; however, he alleges the milk crate was used as a step with deliberate indifference to the safety of inmates who have to use it while in full restraints.

Plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims that defendants delayed medical care for his injuries should be dismissed because plaintiff concedes the injuries were minor.

Plaintiff's claims against defendant Missouri Department of Corrections should be dismissed. The Missouri Department of Corrections, as an entity of the State of Missouri, is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983. See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986). The Department also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

Plaintiff's claims against the John Doe Shift Commander Captain should also be dismissed. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Although plaintiff's remaining allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days

allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

On September 8, 2009, plaintiff filed a request for an extension of time in which to pay the initial partial filing fee. Plaintiff's fee was received on September 11, 2009; thus, his motion is moot.

IT IS, THEREFORE, ORDERED that plaintiff's motion for an extension of time to pay the initial partial filing fee is denied as moot. [6] It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, whether he will or will not waive service of process on defendant Dennis Dykes. It is further

ORDERED that defendant Dykes answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendant is granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's medical claims and all claims against defendants Missouri Department of Corrections and John Doe Shift Commander Captain be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 19th day of October, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4